Silvia SEIJAS, Emilio Romano, Ruben Weiszman, Anibal Campo, Maria Copati, Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., Pier Luigi Catto, Costantino Catto, Giuseppe Catto, Macrotecnic International Corporation, Jorge Marcelo Mazzini, Alberto Haber Valerio Piacenza, Compania Calitecnio S.A., Heinrich Peter Zum Felde, Ezequiel Hernan Baclini, Patricia Ruth Caronna, Claudia Aurora Sabatini Bartra, Jose Alberto Landi, Salvador Saddemi, Maria Teresa Lepone, Herna Taboada, Susana Frasca De Lauria, Norberto Pablo Giudice, Susana Lauria, Jorge Manuel Taboada, Maria Del Carmen Escudero, Enrique Cohen, Estrella Bety Rosas De Cohen, Debora Reina Cohen, Corbins Trade S.A., Kinburg Trust

S.A., Luigi Giocomazzi, Luciana Pedrolli, Patrizia Giacomazzi, Michelle Stagnitto, Claudio Miguel Matheou, Hugo Masini, Guillermo Domato, Imperial Bylidol, S.A., Dario Alberto Pardal, Paula Mastronardi, Horacio Alberto Vazquez, Juan Jose Rizzo, Ana Valeria Baravalle, Plaintiffs–Appellees,

v.

The REPUBLIC OF ARGENTINA, Defendant–Appellant.

Nos. 08–2847–cv, 08–2864–cv (con), 08–2922–cv (con), 08–2926–cv (con), 08–2943–cv (con).

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

Jonathan I. Blackman (Carmine D. Boccuzzi, Christopher P. Moore, Rahul Mukhi, on the brief), Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for the Republic of Argentina.

Barry R. Ostrager (Mary Kay Vyskocil, Tyler B. Robinson, David Elbaum, on the brief), Simpson Thacher & Bartlett, LLP, New York, NY, for Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., and Blue Angel Capital I, LLC.

Bertrand Sellier, Proskauer Rose LLP (Howard Sirota, Guillermo A. Gleizer, Lovell Stewart Halebian LLP, on the brief), New York, NY, for Class Plaintiffs.

PRESENT: ROGER J. MINER, WALKER, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant the Republic of Argentina ("Argentina") appeals a grant of injunctive relief in favor of plaintiffs, judgment credi-tors, which bars it from transferring its interest in certain of its own global bonds presently held in trust by Caja de Valores S.A. ("Caja"), an Argentine financial institution, and allegedly on deposit at the Depository Trust Corporation ("DTC") in New York. Argentina argues that the injunctions must be vacated because they are not supported by the requisite findings. It further asserts that the Uniform Commercial Code, see N.Y. U.C.C. § 8–112(c), and the Foreign Sovereign Immunities Act ("FSIA"), see 28 U.S.C. § 1609, preclude the awarded relief as a matter of law. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our ruling.

The district court initially granted the relief here at issue in the form of *ex parte* temporary restraining orders ("TROs") signed on April 18, 22, and 25, 2008. *See* Fed.R.Civ.P. 65(b)(2). Each TRO states that "Argentina, its servants, employees, agents, representatives, and any person acting in concert with them (including, without limitation, [Caja] )[1] are restrained and enjoined, pursuant to Fed.R.Civ.P. 65(b), from issuing any instruction to [Caja], or to any other person, to transfer, sell, pledge, loan or otherwise encumber or alienate the [bonds] held by [Caja] at [DTC]." On April 30, 2008, the district court held a hearing as to whether the TROs should be converted into preliminary injunctions. It reserved decision, continuing the TROs in the interim, so that on May 23, 2008, they automatically converted to preliminary injunctions. *See* Fed.R.Civ.P. 65(b)(2); *In re Criminal Contempt Proceedings Against Crawford*, 329 F.3d 131, 137–38 (2d Cir.2003) (noting that TRO extended beyond the time limit of Rule 65(b) is treated as preliminary

---

1. One of the TROs omits this parenthetical.

injunction). It is from these TROs/preliminary injunctions that Argentina now appeals.

We review a grant of a preliminary injunction for abuse of discretion. *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir.2008). A district court abuses its discretion if it "applies legal standards incorrectly or relies upon clearly erroneous findings of fact, or proceed[s] on the basis of an erroneous view of the applicable law." *Capital Ventures Int'l v. Republic of Argentina*, 443 F.3d 214, 222 (2d Cir.2006) (internal quotation marks omitted). Argentina submits that the district court's injunctive orders are unsupported by any required findings and must, therefore, be vacated.

The law permits a preliminary injunction to issue only where the moving party demonstrates "(1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." *Doninger v. Niehoff*, 527 F.3d at 47. A court deciding a preliminary injunction motion "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council, Inc.*, —— U.S. ——, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (internal quotation marks omitted); *see also id.* at 378, 382 (identifying abuse of discretion where lower courts "addressed [the relevant] considerations in only a cursory fashion"); *Munaf v. Geren*, 553 U.S. 674, ——, 128 S.Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (identifying abuse of discretion where reviewing court "searche[d] the opinions below in vain for any mention of a likelihood of success as to the merits"); *Weitzman v. Stein*, 897 F.2d 653, 658 (2d Cir.1990) (vacating prelimi-

nary injunction where district court had made "no findings whatsoever").

We agree with Argentina that continued preliminary injunctive relief in this case presently is unsupported by the requisite findings. At the April 30, 2008 hearing, the district court expressly reserved decision on the issuance of a preliminary injunction, explaining:

> I could not say today on the record that is before me, as much as I understand of it—and I have not mastered it at all completely, but I couldn't say today, I couldn't rule today that the Republic of Argentina has no interest in what is on deposit or what is on the books of DTC. I couldn't say that. I couldn't rule that way. On the basis of what you have said in the last few minutes, it seems to me that there are questions.
>
> . . . .
>
> I will have to be very frank with you. I don't know whether discovery is needed or me doing a more thorough job on the papers before me.
>
> . . . .
>
> But I certainly will reserve decision, and whatever restraining order or whatever I have signed thus far will remain in effect until I make a decision.

Tr. Oral Arg. at 46 (Apr. 30, 2008). While a district may continue a TRO for a brief time, once that time passes, the court must make the findings required to support a preliminary injunction in order to grant ongoing relief. *See* Fed.R.Civ.P. 65(b)(2); *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842 (2d Cir.1962) ("There is no statutory authority for . . . indefinite, successive extensions of temporary restraining orders."); *see also* Fed.R.Civ.P. 52(a)(2) ("In granting . . . an interlocutory injunction, the court must . . . state the findings and conclusions that support its action."). Because the district court's quoted remarks

522

do not—and were not intended to—"inform[ ] us as to its underlying rationale" for a preliminary injunction, much less "discipline its approach to the case before it," we cannot uphold continued injunctive relief on this record. *Inverness Corp. v. Whitehall Labs.*, 819 F.2d 48, 51 (2d Cir. 1987).

The district court's statement nevertheless suggests the existence of serious merits questions, and the record reflects the possibility that vacating the injunctions would impose undue hardship on plaintiffs, who might thus be deprived of a significant opportunity to execute on their judgments. Accordingly, we do not vacate the injunctions; instead, we "remand the case to the district court for an explanation" as to the propriety of a preliminary injunction. *Id.*

To Argentina's contention that no remand is warranted because the relief sought is precluded as a matter of law by N.Y. U.C.C. § 8–112(c) and the FSIA, we observe that, consistent with "our settled practice," we "allow the district court to address arguments in the first instance." *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir.2000); *accord Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir.2009) (remanding for determination whether Azerbaijani state oil company was state agent for purposes of due process analysis).

For the reasons stated, we REMAND the case with the challenged orders intact, and we instruct the district court to undertake the necessary analysis for a preliminary injunction within ten days of this order or to vacate these temporary orders without prejudice to granting equitable relief in the future upon appropriate findings.